1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTOINE MARQUISE GENTLE,                    No.  2:22–cv–945–KJM–KJN PS

12                      Plaintiff,               ORDER TO SHOW CAUSE
                                                 RE: TRANSFER TO NORTHERN DISTRICT
13        v.                                     OF CALIFORNIA

14   RICHMOND POLICE DEPARTMENT,

15
                        Defendant.
16

17        Plaintiff, who is proceeding without counsel in this action, alleges multiple claims against

18   the Richmond Police Department.[1]  Plaintiff alleges officers of the Department used excessive

19   force against him in an encounter in Richmond, CA in June of 2020.  He raises claims under 42

20   U.S.C. Section 1983.  (ECF No. 1.)  Given the location of these events, the court turns to an

21   analysis of venue.

22        Title 28 U.S.C. Section 1404(a) states: "For the convenience of parties and witnesses, in

23   the interest of justice, a district court may transfer any civil action to any other district or division

24   where it might have been brought . . . ."  28 U.S.C. § 1404(a).  The purpose of Section 1404 is "to

25   prevent the waste of time, energy, and money and to protect litigants, witnesses and the public

26   against unnecessary inconvenience and expense."  Van Dusen v. Barrack, 376 U.S. 612, 616

27

28   _____
     [1] This case was referred to the undersigned by Local Rule 302(c)(21).

                                            1

1   (1964).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions

2   for transfer according to an individualized, case-by-case consideration of convenience and

3   fairness."  Stewart Organization, Inc. v. RICOH Corp., 487 U.S. 22, 29 (1988).  Because an order

4   transferring venue does not address the merits of the case, it is a non-dispositive matter within the

5   province of a magistrate judge's authority.  See Pavao v. Unifund CCR Partners, 934 F.Supp.2d

6   1238, 1241 fn.1 (S.D. Cal. 2013) (collecting cases).

7        In deciding whether to transfer a case under Section 1404, courts may consider (among

8   other things):  (1) the location where the relevant events took place; (2) the plaintiff's choice of

9   forum; (3) the respective parties' contacts with each forum; (4) each forum's contacts with the

10  plaintiff's cause of action; (5) the differences in the costs of litigation in the two forums; (6) the

11  ability of each court to compel attendance of unwilling non-party witnesses; (7) the ease of access

12  to sources of proof; (8) convenience of the parties; (9) convenience of the witnesses; (10) local

13  interest in the controversy; (11) court congestion of the two forums; and (12) the feasibility of

14  consolidating other claims.  See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir.

15  2000); Hawkins v. Gerber Prods. Co., 924 F.Supp.2d 1208, 1213 (S.D. Cal. 2013); Barnes &

16  Noble, Inc. v. LSI Corp., 823 F.Supp.2d 980, 994 (N.D. Cal. 2011); Metz v. U.S. Life Ins. Co.,

17  674 F.Supp.2d 1141, 1145-46 (C.D. Cal. 2009).

18       Given the allegations in the complaint, it appears that this case should be transferred to the

19  Northern District of California for all further proceedings.  The court now orders plaintiff file a

20  statement indicating whether he agrees with the court's assessment.  If plaintiff opposes transfer,

21  he shall address the 12 factors above in making his arguments.  Failure to respond to this order to

22  show cause will be treated as consent to transfer.

23                                **ORDER**

24       Accordingly, it is HEREBY ORDERED that, within 21 days of this order, plaintiff show

25  cause why this case should not be transferred to the Northern District of California.

26  Dated:  June 9, 2022

27

28  gent.945

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE