UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE MARQUISE GENTLE,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHMOND POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. 2:22–cv–945–KJM–KJN PS<br><br>ORDER TRANSFERRING CASE |

Plaintiff, who is proceeding without counsel in this action, alleges officers of the Richmond Police Department used excessive force against him in an encounter in Richmond, CA in June of 2020.[1] (ECF No. 1.) Plaintiff requested leave to proceed without prepayment of the filing fee. (ECF No. 2.) The undersigned noted that the allegations in the complaint center around an encounter in Richmond, and so ordered plaintiff to show cause why this case should not be transferred to the Northern District of California. (ECF No. 3.) Plaintiff did not respond.

For the reasons that follow, the court transfers this case to the Northern District of California for all further proceedings.

---

[1] This case was referred to the undersigned pursuant to Local Rule 302(c)(21). Because an order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a non-dispositive matter that is within the province of a magistrate judge's authority. See Pavao v. Unifund CCR Partners, 934 F.Supp.2d 1238, 1241 fn.1 (S.D. Cal. 2013) (collecting cases and citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72).

1

**Background**[2]

Plaintiff alleges that in a June 2020 traffic stop effectuated by officers of the Richmond Police Department, he was bitten by a K-9 unit and otherwise was the recipient of what he deems excessive force by the officers. He brings claims against two unnamed Richmond P.D. officers as well as the Police Department itself. (See ECF No. 1.)

**Legal Standard**

Title 28 U.S.C. § 1404(a) provides in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). This statute partially displaces the common law doctrine of forum non conveniens. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The purpose of Section 1404 is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. RICOH Corp., 487 U.S. 22, 29 (1988).

In deciding whether to transfer under Section 1404, courts may consider: (1) the location where the relevant events took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the forum's contacts with the plaintiff's cause of action; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; (10) the relevant public policy of the forum state, if any; (11) convenience of the parties; (12) convenience of the witnesses; (13) local interest in the controversy; (14) court congestion of the

---

[2] The facts herein are from the complaint (ECF No. 1), which are construed in the light most favorable to plaintiff (the non-moving party). Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, though the court repeats some of plaintiff's conclusory statements from the complaint, these assertions are ultimately not relied upon. Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009) (noting that in deciding a Rule 12 motion, the court need not rely on "legal conclusions merely because they are cast in the form of factual allegations").

2

two forums; and (15) feasibility of consolidating other claims.  See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Hawkins v. Gerber Prods. Co., 924 F.Supp.2d 1208, 1213 (S.D. Cal. 2013); Barnes & Noble, Inc. v. LSI Corp., 823 F.Supp.2d 980, 994 (N.D. Cal. 2011); Metz v. United States Life Ins. Co., 674 F.Supp.2d 1141, 1145-46 (C.D. Cal. 2009).

**Analysis**

The court first examines subject matter jurisdiction and venue to determine whether this case could have been brought in the Northern District of California.  28 U.S.C. § 1404(a).  Subject matter jurisdiction would be proper in the Northern District for the same reasons as exist in this district.  Plaintiff lists civil rights claims under 42 U.S.C. § 1983, and so federal question jurisdiction lies.  28 U.S.C. § 1331.  As to the propriety of venue in the Northern District, the question is whether "a substantial part of the events or omissions giving rise to the claim occurred in that district."  See Myers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th Cir. 2001).  As alleged, it is clear that all of the events surrounding plaintiff's claims took place in the Northern District.  (ECF No. 1.)

Because the Northern District could exercise jurisdiction, and because venue is proper there, the court now turns to an analysis of whether transfer to the Northern District is appropriate under 28 U.S.C. § 1404(a).

### A. Factors that favor transfer.

An examination of the pleadings indicates a majority of the factors favor transfer to the Northern District of California.  This includes: (1) the location of the events in question; (4) the parties' contacts with the Northern District; (5) the Northern District's contacts with plaintiff's claims; (7) the location of any non-party witnesses; (8) the Northern District's ease of access to sources of proof; (11) convenience of the parties; (12) convenience of the witnesses; (13) and the local interest in the controversy.

Accepting the facts as true for purposes of transfer, it is clear that all of the relevant events surrounding plaintiff's claims took place in the Northern District, as defendants work there and plaintiff's presence in Richmond suggests some connection to the Northern District.  In fact, plaintiff lists his residence as Alameda, California (also in the Northern District), and so it would

3

appear the Northern District is convenient for both plaintiff and defendants.  (See ECF No. 3.) Additionally, it appears that the potential witnesses appear to be tied to the Northern District.  (See ECF No. 13 at 8.)  See Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) ("The convenience of non-party witnesses is a more important factor than the convenience of party witnesses.").

Further, while it is likely that some of the documentary evidence might be in electronic form which can easily be "transported" and printed without great difficulty, any physical records would likely be maintained within the Richmond Police Department and unnamed Richmond hospital.  See Roe v. Intellicorp Records, Inc., 2012 WL 3727323, at *3 (N.D. Cal. Aug. 27, 2012) (documents pertaining to defendants' business practices are most likely to be found at their principal place of business); see also Critters of the Cinema, Inc. v. Nestle Purina Petcare Co., 2016 WL 2990619, at *7 (E.D. Cal. May 24, 2016).  Finally, as this encounter involves Richmond Police Officers, the Northern District has a significant local interest.  See Boeing Co., 2010 WL 2557582, at *3 ("There is a localized interest in having localized controversies decided at home.") (citations omitted).

Thus, factors (1), (4), (5), (7), (8), (11), (12), and (13) weigh in favor of transfer to the Northern District.

B. Factors that support denial of transfer.

The only factor that supports denial of transfer appears to be the third: plaintiff's choice of forum.  Generally, a plaintiff's choice of forum is given substantial weight.  See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).  However, other considerations may lessen the weight to be given a plaintiff's choice.  See Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1094 (N.D. Cal. 2013).  "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration." Lou, 834 F.2d at 739; Park, 964 F.Supp.2d at 1094; see also Critters, 2016 WL 2990619, at *5 (giving less weight to plaintiff's chosen forum if plaintiff does not reside there).

Here, all of the events alleged in connection with plaintiff's claims took place in Richmond.  (ECF No. 1.)  As this is a purely local Richmond controversy, the Eastern District has

little to no interest in the subject matter. Therefore, because it is clear there is very little connecting this case to the Eastern District, plaintiff's choice of forum is substantially diminished. See Park, 964 F.Supp.2d at 1094; Critters, 2016 WL 2990619, at *5-6; see also Williams v. Bowman, 157 F.Supp.2d 1103, 1107 (N.D. Cal. 2001). Additionally, plaintiff did not respond to the court's order to show cause regarding transfer, further lessening the persuasiveness of this factor.

### C. Factors having no bearing on transfer.

The remaining factors—(2), (6), (9), (10), (14), and (15)—are neutral. Both districts are located in California and heavily congested[3], so all state-oriented factors are neutral. In addition, the court is not aware of any consolidation issues or forum-selection issues.

**Conclusion**

The court finds a "strong showing" in favor of transfer via factors (1), (4), (5), (7), (8), (11), (12), and (13). Decker, 805 F.2d at 843. The court is acutely aware of plaintiff's unrepresented status and choice of forum. However, without more tying his cause of action to the Eastern District, the undersigned cannot say that the administration of justice requires the case remain here. Thus, factor (3) minimally supports a denial of transfer. The remaining factors ((2), (6), (9), (10), (14), and (15)) are neutral. Thus, on balance, the factors heavily support transfer, and so this case will be transferred to the Northern District of California.

Plaintiff filed a motion to proceed in forma pauperis alongside his complaint (ECF No. 2), which would normally trigger the court's duty to screen the complaint under 28 U.S.C. § 1915. The court expresses no opinion on the merits of this motion or plaintiff's complaint, leaving them for the assigned judge in the Northern District to consider. See Sam Kholi Enterprises, Inc. v. Comsys Services LLC, 2011 WL 13257533, at *10 (S.D. Cal. October 3, 2011) ("Once the case has been transferred, the parties should contact the assigned chambers in the [transferee district] for further direction regarding resolution of [any] pending motions . . . .").

---

[3] See Federal Court Management Statistics, Comparison Within Circuit During the 12-Month Period Ending March 31, 2022, Ninth Circuit, https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2022/03/31-3

# ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1404(a), this matter is TRANSFERRED forthwith to the Northern District of California; and

2. The pending motions are ADMINISTRATIVELY TRANSFERRED along with this case.

Dated:  July 12, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gent.945